## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-CR-20047 |
| ) | |
| **GREGORY MARSHALL,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

This case is before the court for ruling on the Motion for a Judgment of Acquittal Pursuant to Rule 29(d)(1) and for a New Trial (#30) filed by Defendant, Gregory Marshall. This court has carefully considered the arguments presented by Defendant and the Government's Response. Following this careful review, Defendant's Motion (#30) is DENIED.

### BACKGROUND

On October 5, 2005, Defendant was charged by indictment with three counts of possessing various quantities of crack, powder cocaine, and heroin with the intent to distribute them. Defendant pleaded not guilty and a jury trial was held on July 31, and August 1, 2006. The evidence at trial showed that a Desenex can with a false bottom was found in the medicine cabinet of Defendant's home during the execution of a search warrant by law enforcement officials. The can was subsequently found to contain almost 20 grams of crack, more than 30 grams of powder cocaine, and more than one gram of heroin. The evidence also showed that much of the crack was packaged for sale.

The Government also presented evidence at trial that, three days before the execution of the search warrant, Defendant sold a quantity of crack cocaine to a confidential informant. The evidence showed that the sale took place across the street from Defendant's home and that

Defendant was observed walking from his home to meet with the confidential informant to conduct the sale. Defendant objected to the introduction of this evidence. This court overruled the objection, finding that the evidence was relevant to explain later acts by the police officers and was also admissible under Rule 404(b) of the Federal Rules of Evidence because it was relevant on the issue of Defendant's knowledge as to the crimes charged in the indictment. On August 1, 2006, the jury returned a verdict of guilty on all three counts charged in the indictment. Defendant is scheduled to be sentenced on November 22, 2006.

## ANALYSIS

On August 7, 2006, Defendant filed a Motion for a Judgment of Acquittal Pursuant to Rule 29(d)(1) and for a New Trial (#30). The sole issue raised by Defendant in his Motion is whether the 404(b) evidence was properly admitted as relevant to the issue of knowledge. Defendant argued that this evidence should not have been admitted because, based upon recent Seventh Circuit case law, it was more properly characterized as propensity evidence or was evidence relevant to both knowledge and propensity which risked confusing the jury. Defendant contended that this type of 404(b) evidence should be allowed to be admitted only after the defendant or another defense witness testifies that the defendant does not know what illegal drugs are, or, has never delivered drugs, or has never had the intent to deliver drugs.

On August 21, 2006, the Government filed its Response to Defendant's Motion for New Trial (#32). The Government noted that Defendant did not challenge the sufficiency of the evidence in his Motion and, therefore, cannot seek a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. In response to the issue raised by Defendant, the Government argued that the challenged evidence was properly admitted because it was relevant to an important issue in this case, the issue of knowledge. The Government noted that the defense in this case was that other

persons had access to Defendant's home and that someone else might have placed the Desenex can containing the drugs in Defendant's bathroom without his knowledge. The Government argued that the evidence concerning Defendant's sale of crack cocaine to an informant three days before the drugs were found in his home certainly went to the issue of knowledge rather than propensity. The Government contended that this evidence, which showed that Defendant left his home and walked across the street to complete the transaction, was highly probative and relevant evidence on the issue of knowledge because it tended to show that Defendant knew the drugs were in his house, knew the nature of the substances, and that he had the "power and intention to exercise direction and control over" the drugs, i.e. possess them. The Government therefore argued that the evidence was admitted for a proper rather than an impermissible purpose. The Government also pointed out that the jury was properly instructed as to its use of this evidence.

This court carefully considered this issue at trial before overruling Defendant's objection to the admission of the evidence. This court adheres to its ruling at trial and agrees with the Government that the evidence was admissible because it was relevant to the issue of Defendant's knowledge and was not improper propensity evidence.

IT IS THEREFORE ORDERED THAT Defendant's Motion for a Judgment of Acquittal Pursuant to Rule 29(d)1 and for a New Trial (#30) is DENIED.

ENTERED this 23rd day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE